**Electronically Filed
Intermediate Court of Appeals
30245
29-DEC-2011
08:47 AM**

NO. 30245

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ANTHONY K. KEKONA, JR., Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 5247(2))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Petitioner-Appellant Anthony Kekona (Kekona) submitted to the Circuit Court of the Second Circuit (Circuit Court)[1] a document entitled "HRS 660-6 and HRS 660-7 Order to Show Cause," referencing habeas corpus provisions and seeking the person by whom he was imprisoned or restrained to appear and show cause. On November 16, 2009, the Circuit Court denied Kekona's request by filing the request with "denied" stamps affixed thereto.

---

[1] The Honorable Shackley F. Raffetto presided.

On appeal, Kekona asserts his right to bring a writ of habeas corpus, alleging among other things that he is illegally confined because he is a Hawaiian National Citizen.

The State's position in this appeal is that the Circuit Court erred by summarily denying Kekona's writ of habeas corpus and the State therefore requests that this court remand the case for further proceedings.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kekona's points of error as follows:

(1) Kekona's request to the Circuit Court sought post-conviction relief based on his belief that he was "unjustly imprisoned and restrained of his liberty." Habeas corpus proceedings are encompassed within Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP). HRPP Rule 40(a). We review a denial of a HRPP Rule 40 petition *de novo*. State v. De Guair, 108 Hawai'i 179, 187, 118 P.3d 662, 670 (2005).

Similar to this court's decision in State v. Villanueva, No. 30137, 2010 WL 2513330 (App. June 23, 2010) (SDO), and consistent with the State's position, we conclude that Kekona's request to the Circuit Court should have been addressed as a nonconforming petition under HRPP Rule 40(c)(2). His submission to the Circuit Court was legible and indicated he was challenging the legality of his imprisonment or restraint. HRPP Rule 40(c)(2)(i) and (iii). Further, the record reflects that on January 14, 2010, the Circuit Court approved Kekona's request to proceed without paying filing fees. HRPP Rule 40(c)(2)(ii).

Pursuant to HRPP Rule 40(c)(2):

> When treating a nonconforming petition as a petition under this rule, the court shall promptly clarify by written order that the requirements of this rule apply and, if the information in the petition is incomplete, may require the petitioner to file a supplemental petition in the form annexed to these rules before requiring the state to respond.

After following this procedure, disposition of Kekona's request for relief should have been as provided by HRPP Rule 40(g). Further proceedings are therefore required as set forth above.

(2) Although not raised below or on appeal by either party, it appears from the record that Kekona was represented in the underlying criminal matter, CR. No. 5247, by Joel E. August, who at the time appears to have been a member of the law firm of Mukai, Ichiki, Raffetto & MacMillan. We note that these circumstances may not have been evident because the underlying criminal conviction was entered in 1979. Moreover, Kekona's post-conviction request to the Circuit Court at issue in this appeal did not provide the circumstances of the underlying conviction and appears to have been addressed by the Circuit Court on procedural grounds. On remand, Judge Raffetto shall first determine whether he should recuse himself from hearing this matter, pursuant to Rule 2.11(a)(6)(A) and (c) of the Hawai'i Revised Code of Judicial Conduct. See State v. Gomes, 93 Hawai'i 13, 17-18, 995 P.2d 314, 318-19 (2000).

Therefore,

IT IS HEREBY ORDERED that the order denying Kekona's "HRS 660-6 and HRS 660-7 Order to Show Cause," filed on November 16, 2009 is vacated and this case is remanded for further proceedings. As an initial matter, Judge Raffetto shall determine whether he should recuse himself from hearing this matter. Thereafter, the Circuit Court shall treat Kekona's

3

"HRS 660-6 and HRS 660-7 Order to Show Cause," as a petition under HRPP Rule 40, consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, December 29, 2011.

On the briefs:

Anthony Kekona, Jr.
Petitioner-Appellant Pro Se

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

4